UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCARTHUR EDWARDS,<br>Plaintiff,<br>v.<br>TIMOTHY J. SLOAN, et al.,<br>Defendants. | Case No. 18-cv-04113-JCS<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**<br>Re: Dkt. No. 1 |

## I. INTRODUCTION

Plaintiff McArthur Edwards, pro se, has filed a petition for writ of mandamus naming Timothy Sloan, who is identified as the CEO of Wells Fargo Home Mortgage ("Wells Fargo"), as Respondent. Due to his declining health as a result of a number of disabilities arising from his military service in the Vietnam War, Edwards seeks a modification of his home loan, which is guaranteed by the Veterans Administration, asserting that "[t]he Court has jurisdiction of the above proceedings due to the fact that Wells Fargo is a lending agency for the Veterans Administration and FHA (Federal Housing Authority)." Petition (dkt. 1) at 1–2. The Court previously granted Edwards's application to proceed in forma pauperis and now reviews the sufficiency of his petition under 28 U.S.C. § 1915(e)(2)(B). Edwards has not alleged any basis for concluding that Sloan or Wells Fargo is subject to a writ of mandamus as an officer, employee, or agency of the United States, nor has he identified any legal duty requiring Sloan or Wells Fargo to modify Edwards's loan. Edwards is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of jurisdiction and failure to state a claim. Edwards may file a response or an amended petition **no later than August 16, 2018**. If Edwards does not file a response identifying a basis for his claim by that date, the undersigned will recommend that this action be dismissed, without leave to amend.

## II. LEGAL STANDARD UNDER 28 U.S.C. § 1915(e)(2)(B)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A pleading that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the pleading are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). Thus, to meet this requirement, the claim must be supported by factual allegations. *Id.*

Where the case has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)). Further, when it dismisses the pleading of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th

1  Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

## III. ANALYSIS OF EDWARDS'S PETITION FOR MANDAMUS

District courts have "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is an "extraordinary remedy," available only if three elements are satisfied: "(1) the plaintiff's claim is clear and certain; (2) the [defendant official's] duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003) (quoting *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 n.5 (9th Cir. 1997)) (alteration in original).

Sloan is not alleged to be an officer or employee of the United States or of any federal agency. *See generally* Petition. Courts have held in at least some circumstances that federal control over non-federal defendants can be sufficient to bring such defendants within the scope of mandamus jurisdiction. *E.g.*, *Mitchell v. United States*, 419 F. Supp. 2d 709, 711 (W.D. Penn. 2005) (holding "that, as to the incarceration of federal prisoners, the Somerset County Jail is a federal agency, as the federal government has control over the jail's incarceration of federal prisoners pursuant to contract"). Edwards has not alleged here that the United States exercises any control over Sloan or Wells Fargo. To the contrary, Edwards alleges that he "contacted Ginny Mae Mortgage and was advised that the decision for loan reduction was on Wells Fargo domain," and that a Veterans Affairs counselor informed him "that Wells Fargo *could* reduce the monthly payment *if they so desired* for medical hardships." Petition at 3 (emphasis added). These allegations suggest that the decision of whether to grant a loan modification is not subject to federal control. Moreover, Edwards identifies no source of any legal duty requiring Sloan or Wells Fargo to modify his loan. Edwards is therefore ordered to show cause why this action should not be dismissed for failure to satisfy the elements of a petition for mandamus under 28 U.S.C. § 1361.

## IV. CONCLUSION

For the reasons discussed above, Edwards is ORDERED TO SHOW CAUSE why this action should not be dismissed. **No later than August 16, 2018**, Edwards may file either an

3

amended petition resolving the deficiencies identified above (that Sloan is not a federal employee and that Edwards has identified no legal duty), or a response explaining why his present petition is sufficient to support a mandamus action. If Edwards does not file a response, or if his response does not cure these defects or establish that his petition is sufficient, the undersigned will recommend that this action be dismissed without leave to further amend.

Edwards is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office, and telephone appointments are available. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: July 26, 2018

JOSEPH C. SPERO
Chief Magistrate Judge

4